**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VINODH RAGHUBIR,**

    Petitioner,

v.                                              Case No. 4:20cv161-WS/CAS

**UNITED STATES OF AMERICA, et al.,**

    Respondents.

_____/

**REPORT AND RECOMMENDATION TO TRANSFER
HABEAS CORPUS PETITION**

On or about February 26, 2020, Petitioner Vinodh Raghubir, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  He sent the petition to the United States District Court for the District of Columbia and, by order on March 9, 2020, that court transferred the case to this Court because Petitioner Raghubir is incarcerated at the Taylor Correctional Institute in Perry, Florida, which is in the Northern District of Florida.  ECF No. 4; *see* 28 U.S.C. § 89(a).

A review of the case reflects that Petitioner Raghubir challenges his current confinement pursuant to a state court judgment from the Ninth Judicial Circuit Court, Orange County, Florida, which is located in the Middle District of Florida.  *See* ECF No. 1; 28 U.S.C. § 89(b); www.dc.state.fl.us/offenderSearch.  Indeed, as relief, he seeks release

from prison.   *See* ECF No. 1 at 8.   Thus, although presented as a petition pursuant to § 2241, Petitioner Raghubir actually seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

Jurisdiction is appropriate in the district of confinement and the district of conviction.   28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated).   In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Orlando Division.   *Id.*; M.D. Fla. R. 1.02(b)(3).   *See* Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Orlando Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 31, 2020.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:20cv161-WS/CAS